avail himself, are, in my judgment, inapplicable to the present case. In re Humfreville, 154 N. Y. 115, 47 N. E. 1086.  See Richardson v. Van Voorhis, supra.

Application denied.

<hr />

(28 Misc. Rep. 356.)

## In re JONES.

(Surrogate's Court, New York County.  July, 1899.)

1. TRANSFER TAXES—APPRAISAL OF LIFE INTEREST.

    Under the transfer tax law of 1887 (Laws 1887, c. 713, §§ 2, 13), in appraising the value of a legacy which is subject to a life estate the value of such life interest should be calculated according to the methods and standards of mortality employed by the insurance department, and as of the date of the testator's death, notwithstanding the life tenant may have died before the appraisal is made.

2. SAME—GOOD WILL.

    The good will of a newspaper is property, the value of which is to be taken into account in appraising the value of stock in the company.

3. SAME—REAL ESTATE OF JOINT-STOCK ASSOCIATION.

    In ascertaining the value of shares in a joint-stock association, the value of the real estate owned by the association should be taken into consideration.

Appeal from report of appraisers.

Proceedings in the matter of the appraisal of the property of George Jones, deceased, under the transfer tax law.  Appeal from order entered on report of appraisers.

Einstein & Townsend, for appellant executors and others.

Armitage Mathews, for appellant special guardian.

B. F. Dos Passos, for respondent comptroller.

VARNUM, S.  This appeal was submitted to Judge ARNOLD, was left undisposed of by him, and has been resubmitted to me for decision.  The widow of decedent, who was a life tenant under the will of testator, died intermediate the death of the decedent and the transfer tax appraisal.  The appraiser calculated the value of the widow's interest as measured by the term of its actual duration, and not in accordance with the provisions of the act requiring a valuation by the superintendent of life insurance as of the date of death.  Objection is made to this method of appraisal, it being claimed that it should have been made in accordance with sections 2 and 13 of chapter 713 of the Laws of 1887.  In this claim the appellants are correct.  Section 2 of the act of 1887 provides that when any legacy upon which a tax is imposed shall be an estate or interest for a term of years, or for life, etc., "the entire property or fund by which such estate, income or interest is supported, or of which it is a part, shall be appraised, immediately after the death of the decedent, at what was the fair and clear market value thereof at the time of the death of the decedent, in the manner hereinafter provided."  Section 13 provides that the value of such estate, income, or interest shall, "for the purposes of this act, be determined

by the rule, method and standards of mortality and of value which are employed by the superintendent of the insurance·department." The appeal in this respect is sustained. The argument on the above points contained in the brief of counsel for the comptroller is based upon the language of the statute of 1892. The act of 1887, which governs this case, is different, and the language which counsel for respondent quotes in support of his contention does not occur in the earlier law.

With reference to the inclusion in the appraisal of the estimated value of the good will of the newspaper enterprise in which the testator was interested, I regard the decision in Boon v. Moss, 70 N. Y. 473, 474, as controlling, and the objection based upon this ground is overruled. See, also, People v. Roberts, 159 N. Y. 70, 53 N. E. 685. The testator was the owner, at the time of his death, of 46 shares of the association known as "The New York Times," which was prior to his death an unincorporated, joint-stock association. This property at the time of the decedent's death consisted of land, and the building thereon known as the "Times Building," and certain personal property, such as machinery, presses, and other effects required in the publication of the paper. The real estate was stipulated to be of the value of $1,250,000, and the personal property referred to above was valued at $34,000. The latter, together with the good will of the business, was sold by the association within two years after the decedent's death for $900,000. The important point to be determined upon this appeal is whether the inheritance tax is chargeable upon testator's interest in the real estate above mentioned. Counsel have not referred me to any binding authority upon this question, nor have I been able, by individual research, to discover a precedent. A joint-stock association is hybrid in its character. It is regarded for some purposes as a corporation, and for other purposes as a partnership. Such associations are recognized by the early statute which provided for the manner in which such associations might be sued, and by the statute of 1867 (chapter 289) which provides for the manner in which the title to land owned by such a company shall be held. If we regard a joint-stock association as analogous to a partnership, then it must follow that the real estate should not have been included in the appraisal for the purposes of taxation. It is devised by the will to lineal descendants, and would have passed to them as real estate, notwithstanding that for purposes of liquidation, as between the partners themselves and as to creditors, it would be regarded as personalty. In re Holland, Sur. Dec. 1897, p. 274, N. Y. Law J., May 13, 1897, and cases cited. If we regard it as analogous to a corporation, then the shares of stock therein owned by the testator would be taxable, and in ascertaining the value of those shares the real estate would be included in making the estimate. In my opinion, the appraiser was correct in considering the value of the real estate in making his valuation. The statute provides that real estate shall be held by such an association in a manner similar to that in which it is held by corporations, and joint-stock associations are regarded as corporations for

general purposes of taxation. Laws 1896, art. 9, c. 908. A creditor of the testator would have had no right or remedy as against this real estate. His only right would be to resort to the share of the profits to which the debtor was entitled. If judgment were recovered as against a shareholder, no part of the land could be taken in execution, though the shares might be taken and disposed of. As was said in Myers v. Perigal, 21 Law J. C. P. 217, the shareholder subscribes to a common fund, and his right depends upon the contract he makes. The interest of the shareholder is founded upon this contract, and passes as personalty. The argument advanced by the appellants, that it is against the policy of the law to tax real estate, because it pays its just share of taxation periodically, is without avail. A similar argument might be used with reference to taxation of the share of incorporated bodies, yet the transfer of shares therein is liable to this tax. In ascertaining the value of such shares, the real estate owned by the company is taken into consideration, notwithstanding they are compelled to pay a tax upon the same periodically.

The matter will be remitted to the appraiser to report anew in conformity with the views expressed.

---

(28 Misc. Rep. 369.)

### In re CLEVELAND'S WILL.

(Surrogate's Court, New York County. July, 1899.)

1. WILLS—RESIDENCE OR DOMICILE.

    2. SAME—UNDUE INFLUENCE.

    Where a testatrix selected as her beneficiary a person not related to her, instead of blood relatives, and it does not appear that the bequest was not influenced by gratitude, affection, or esteem, or that her faculties were so impaired as to subject her to the influence of force or fraud, or that she was thus subjected, the will cannot be set aside on the ground of undue influence.

Proceeding on the probate of the will of Maria Elizabeth Cleveland, deceased. Probate decreed.

Turner, McClure & Rolston, for proponent.

Augustus C. Brown, for contestants.