(Surrogate's Court, New York County. December, 1901.)

**TRANSFER TAX—VALUATION OF REMAINDER.**

    Testator devised to his wife a fixed income for life, payable **out of** his residuary estate, and authorized the trustees thereof to use the principal when necessary to make the income equal to the amount devised. The trustees used a portion of the principal to make up the income **up**

to the time of her death. *Held*, that the shares of the remainder-men are to be appraised at their amounts as shown in a decree upon the trustees' accounting, and a computation of their value reached by taking the value of the testator's estate at the time of his death, and deducting therefrom the probable, and not the actual, duration of the wife's estate, was erroneous.

In the matter of the collateral tax on the estate of John B. Hall. From the report of an appraiser appointed to assess the tax, the trustee and legatee under the will appeal. Reversed.

William W. Bryan, for trustee.
Knevals & Perry, for legatees.
A. S. Tompkins, for comptroller.

THOMAS, S. The testator died April 27, 1889. By his will, after providing for an annuity of $20 a month to a stranger, he gives his residuary estate in trust to his executors, to pay the income to his wife for life. If the income is insufficient to realize $5,500 a year, they are directed to invade principal to make up that amount. Upon the death of his wife, after bequeathing certain specific sums of money, the remainder is directed to be divided equally between the children of certain relatives by marriage. In 1895, prior to any accounting, an appraiser was appointed, who made certain investigations and computations, and reported that the interest of the widow was not taxable, and that the rights of the other legatees would not vest in enjoyment until after the death of the widow, and that it was not yet ascertainable to whom the estate would pass upon her death, and that he had left them for future appraisement after her death. The widow died November 29, 1900, having lived 11 years and 7 months after the testator, and having received $5,500 per annum, which amounted to $63,666.43. An accounting was had in this court, and a decree made on June 10, 1901, which approves the accounts of the trustees, and fixes the shares of the residuary legatees. This proceeding was commenced by the state comptroller immediately after the making of that decree. In the decree the shares of the legatees, taking the residuary estate, are $6,520.33 each, payable June 10, 1901. By the report of the appraiser a tax is imposed against each of them on the sum of $5,638.81, on the theory that each legacy was worth that sum on April 27, 1889, the day of the death of the testator. There is a manifest error here, since the difference is plainly not enough to cover interest for over 11 years. The discrepancy between the computations and the facts is caused by the fact that the appraiser started with the appraised value of the estate at the time of the death of the testator, and deducted only the estimated value of the annuity to the widow, based upon the accepted tables of probable mortality. The widow was 69 years of age at the death of her husband, and at that time her chance of life was less than 6 years. She actually survived him about twice as long as that. The statute of 1887 (chapter 713) required a life estate sought to be taxed to be appraised on this theory, notwithstanding it resulted in error (In re Jones, 28 Misc. Rep. 356, 59 N. Y. Supp. 983); but I do not find myself bound in this way in estimating the value of a legacy, now just due, and the actual

value of which now appears without contradiction and is fixed by a decree. If the widow had lived long enough, the estate would have been entirely consumed by her annuity, and a ruling which would require a tax to be imposed against the residuary legatees, even if they had never been entitled to any sum whatever, should be avoided. The proceeding before the appraiser appointed in 1895 was never ratified by any order of a surrogate. The report of the appraiser was not an adjudication of any kind, and some error has been made by adopting some of the estimates there formed instead of accepting the facts as shown. The valuations of the legacies now sought to be taxed as of the date of the death of the testator should be computed from the amounts adjudged in the decree on the final accounting as being their value at the date of the decree. The appeal is sustained, and the matter remitted to the appraiser for a further report.

Appeal sustained, and matter remitted to appraiser for further report.